# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>GLOBALSTAR CAPITAL<br>CORPORATION, *et al.*,<br><br>Debtors. | Case No. 02-10499 (PJW)<br>Chapter 11 (Jointly Administered) |

## NOTICE OF APPEAL

Appellant Advanced Metering and Technologies Inc. (the "Appellant") hereby appeals under 28 U.S.C. § 158(a) from the *Order Approving Settlement Among the Debtors, Creditors' Committee, the GP Partners and Loral Space & Communications Ltd. and Certain Affiliates* entered on May 14, 2003, by the United States Bankruptcy Court for the District of Delaware, in the above-captioned proceeding.

The names of all parties to the order appealed from and the names, addresses, and facsimile numbers of their respective attorneys are attached hereto as Exhibit A.

Dated: June 9, 2003

                                            Signed:

                                            /s/ David C. Albalah
                                            David C. Albalah
                                            Allan M. Cohen
                                            McDERMOTT, WILL & EMERY
                                            50 Rockefeller Plaza
                                            New York, New York 10020-1605
                                            (212) 547-5400

                                            Counsel for Appellant

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

Clerk of Court
David D. Bird

824 Market Street
Wilmington, DE 19801
(302) 252-2900

**Date: 5/2/08**

To:  U.S. District Court
     District of Delaware
     U.S. Courthouse - 844 King Street
     Wilmington, DE 19801

**Re: Globalstar Capital Corporation 02-10499**

     Enclosed is the bankruptcy Record on **Appeal #BAP 08-31**  Please acknowledge receipt on the copy provided.

Enclosed Items:
Notice of Appeal:   BAP 08-31   docket #917
Appealable Order(s):   docket #841
Letter:   docket #1805
Appellants Designations:   None
Appellee Designations:   None

                                                       Sincerely,
                                                       Betsy Magnuson
                                                       Deputy Clerk

__X__ Filing fee paid on __6/9/03_____
_____ Filing fee not paid

I hereby acknowledge receipt of the above record on appeal this _____ day of _____, 2005.

By: _____     C.A. No.: _____
    Deputy Clerk, U.S. District Court

## TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

**Bankruptcy Case Number: 02-10499 PJW**
Deputy Clerk Transferring Case: Betsy Magnuson(302) 252-2900 ext 5114
**Appeal #: BAP-08-31**

**Order, Docket #841**

**Debtors:** Globalstar Capital Corporation
**Counsel:** Matthew Lunn
Young Conaway Stargatt & Taylor LLp
1000 West Street 17th floor
Wilmington, DE 19801
**Telephone:** (302) 571-6646

**Appellant:** Advanced Metering and Technologies.
**Counsel:**
McDermott Will Emery
50 Rockefeller Plaza
New York NY 10020-1605
**Telephone:** (212) 547-5400

**Appellee:** Globalstar Capital
**Counsel:** Matthew Lunn
**Telephone:** (302) 571-6646

ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| GLOBALSTAR CAPITAL CORPORATION, | : Jointly Administered |
| a Delaware corporation, et al., | : Case No. 02-10499 (PJW) |
| Debtors. | : Chapter 11 |
| | : Docket No. 769 |

## ORDER APPROVING SETTLEMENT AMONG THE DEBTORS, CREDITORS' COMMITTEE, THE GP DEBTORS AND LORAL SPACE & COMMUNICATIONS LTD. AND CERTAIN AFFILIATES

Upon the joint motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for approval of a settlement among the Debtors, the Committee, the GP Debtors, and Loral Space & Communications Ltd. and certain of its affiliates (collectively, "Loral") as set forth in the Term Sheet annexed as Exhibit A to the Motion; and upon the Notice of Filing of Exhibit to Joint Motion of the Debtors and Debtors in Possession and Official Committee of Unsecured Creditors for an Order approving Settlement Agreement with Loral Space & Communications Ltd. and Certain Affiliates; and a hearing having been held on April 9, 2003 and on April 14, 2003 (collectively, the "Hearing") and upon due consideration of the pleadings, including the objections filed to the Motion, the record of the Hearing, the evidence admitted thereat and the proceedings heretofore in these chapter 11 cases; and upon due deliberation and sufficient cases appearing therefore;

IT IS HEREBY FOUND AND DETERMINED THAT:

WP3:877152.4

58241.1001

For the reasons more specifically stated in the Motion and the evidence submitted in support thereof:[1]

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

    B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    C.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (M) and (O). Venue for proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    Proper, timely, adequate and sufficient notice of the Motion has been provided, and such notice is good, sufficient and appropriate, and no other or further notice of the Motion is required. All interested parties have been given an opportunity to be heard on this Motion at the Hearing.

    E.    The terms of the Settlement Agreement and Release annexed hereto as Exhibit A (the "Settlement Agreement") are fair, reasonable and in the best interests of the Debtors and their estates.

    F.    In reaching an ultimate decision on the fairness and reasonableness of the Settlement Agreement, the Court considered: (i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation, and the attendant expense, inconvenience and delay; and (iv) the paramount interest of creditors.

---

[1] Capitalized terms used herein shall have the same meaning set forth in the Motion.

G.  The legal and factual issues in connection with the potential claims against Loral are complex and would require significant expenditures of funds if litigated.

H.  The Settlement Agreement provides significant benefits to the Debtors and their estates. The benefits provided to the Debtors and their estates are important for the ongoing business operations and reorganization of the Debtors.

I.  The Settlement Agreement was negotiated in good faith and at arm's-length by the parties, with the advice of experienced counsel. The Committee took primary responsibility in negotiating the settlement with Loral and concerning the GP Debtors. At the outset of these chapter 11 cases, the Debtors requested, and the Committee agreed, to conduct an investigation of the claims the Debtors and their estates could assert against Loral. The Committee thoroughly investigated such potential claims and carefully evaluated the merits of such claims and defenses and the attendant risk and expense of litigation in analyzing the reasonableness of the settlement that is before the Court.

J.  Taking the foregoing into account, including that the settlement provides substantial benefits to the Debtors and their estates in the context of the Court-approved auction process, and in light of the risks of litigation and the potential difficulties associated with collection, the Court finds that the settlement is fair and reasonable to the Debtors, their estates, and their creditors.

K.  The Settlement Agreement represents an exchange of reasonably equivalent value and fair consideration.

L.  Entry into the Settlement Agreement by the Debtors and the Committee represents an exercise of their sound business judgment.

M.  The Settlement Agreement is in the best interests of the Debtors and their estates based on, among other things, the probability of success in litigation, the complexity, delay and expense of the litigation, and the paramount interest of creditors.

N.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the Debtors' DIP Lenders; and (d) all parties that have filed a notice of appearance in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted.

2.  All objections and responses concerning the Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Hearing and to the extent any such objection or response was not otherwise withdrawn, waived, or settled, they ~~are, and all reservations of rights or relief requested therein,~~ are overruled and denied.

3.  The Settlement Agreement, including, without limitation, each of the releases (including the Loral Release) and the allowance of the Loral Claims as provided for and subject to the terms and conditions of the Settlement Agreement, is approved in all respects.

4.  The Debtors and the Committee are authorized and empowered (and as to the Debtors, are authorized and empowered to cause their subsidiaries) to perform under, consummate and implement the Settlement Agreement.

5. The resignations of the Loral Designees in accordance with the Settlement Agreement are authorized and approved.

6. Pursuant to section 363(b) of the Bankruptcy Code, the use of the property of the Debtors' estates as provided for in the Settlement Agreement is approved.

7. The rejection of the Satellite Contract is hereby approved pursuant to section 365 of the Bankruptcy Code and shall be rejected subject to the terms and conditions of the Settlement Agreement.

8. The Settlement Agreement and this Order shall be binding on all persons and entities, including, without limitation, the Debtors, their estates, the Committee, Loral, all other parties in interest, and their respective successors and assigns.

9. The failure to include any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court to approve the Settlement Agreement in its entirety.

10. The Court shall retain exclusive jurisdiction over any and all disputes, controversies, claims or other matters arising under or otherwise relating to the Settlement Agreement and this Order.

Dated: April 14, 2003

_____
Peter J. Walsh
Chief United States Bankruptcy Judge

# EXHIBIT A

**Globalstar Capital Corporation, and its Affiliated Debtors and Debtors in Possession**

**Co-Counsel for Appellee/Debtors and Debtors in Possession**

Paul D. Leake, Esq.
Scott J. Friedman, Esq.
Jones Day
222 East 41st Street
New York, NY 10017
Phone (212) 326-3939

**Co-Counsel for Appellee/Debtors and Debtors in Possession**

Brendan Linehan Shannon, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
Phone (302) 571-6600
Facsimile (302) 571-1253

**Official Committee of Unsecured Creditors**

**Co-Counsel to Appellee/the Official Committee of Unsecured Creditors**

Daniel H. Golden, Esq.
Akin, Gump, Hauer, Strauss & Feld, LLP
590 Madison Avenue
New York, NY 10022
Phone (212) 872-1000

**Co-Counsel to Appellee/the Official Committee of Unsecured Creditors**

Christopher James Lhulier, Esq.
Laura Davis Jones, Esq.
Pachulski Stang Ziehl Young & Jones PC
919 N. Market Street
16th Floor
Wilmington, DE 19899
Phone (302) 778-6405
Facsimile (302) 652-4400

**U.S. Trustee**

Mark S. Kenney, Esq.
Office of the United States Trustee
844 King Street, Suite 2313
Wilmington, DE 19801
Phone (302) 573-6491